**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware
                        (State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**                Ascent Resources Marcellus Holdings, LLC

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   American Energy Marcellus Holdings, LLC

3. **Debtor's federal Employer Identification Number** (EIN)

   4  6  –  5  5  2  3  4  9  5

4. **Debtor's address**

   | Principal place of business | Mailing address, if different from principal place of business |
   |---|---|

   **Principal place of business**

   3501        NW 63rd Street
   Number    Street

   Oklahoma City        OK        73116
   City                State    ZIP Code

   Oklahoma
   County

   **Mailing address, if different from principal place of business**

   Number    Street

   13678
   P.O. Box

   Oklahoma City        OK        73113
   City                State    ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number    Street

   City                State    ZIP Code

5. **Debtor's website** (URL)    _____

6. **Type of debtor**

   ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

   ☐ Partnership (excluding  LLP)

   ☐ Other. Specify: _____

| Debtor | Ascent Resources Marcellus Holdings, LLC | Case number (if known) |
|---|---|---|
| | Name | |

**7. Describe debtor's business**

A. *Check one:*

❑ Health Care Business (as defined in 11 U.S.C. § 101(27A))

❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

❑ Railroad (as defined in 11 U.S.C. § 101(44))

❑ Stockbroker (as defined in 11 U.S.C. § 101(53A))

❑ Commodity Broker (as defined in 11 U.S.C. § 101(6))

❑ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply:*

❑ Tax-exempt entity (as described in 26 U.S.C. § 501)

❑ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

❑ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>5</u>   <u>5</u>   <u>1</u>   <u>1</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

❑ Chapter 7

❑ Chapter 9

■ Chapter 11. *Check all that apply*:

❑ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

■ A plan is being filed with this petition.

■ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

❑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

❑ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

❑ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No

❑ Yes.   District _____ When _____ Case number _____
                                                    MM / DD / YYYY

              District _____ When _____ Case number _____
                                                    MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

❑ No

■ Yes.   Debtor   See attached Annex 1 _____ Relationship _____

              District _____ When _____
                                                                    MM / DD / YYYY

              Case number, if known _____

| Debtor | Ascent Resources Marcellus Holdings, LLC | Case number *(if known)* |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

- ☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ☑ No
- ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

  **Why does the property need immediate attention?** *(Check all that apply.)*

  - ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

  - ☐ It needs to be physically secured or protected from the weather.

  - ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

  - ☐ Other _____

  **Where is the property?** _____

  | Number | Street |
  |---|---|

  _____

  | City | State | ZIP Code |
  |---|---|---|

  **Is the property insured?**

  - ☐ No
  - ☐ Yes. Insurance agency _____

    Contact name _____

    Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

- ☑ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

- ☐ 1-49
- ☐ 50-99
- ☐ 100-199
- ☑ 200-999
- ☐ 1,000-5,000
- ☐ 5,001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than 100,000

**15. Estimated assets**

*Company files on a consolidated basis.

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☑ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

| Debtor | Ascent Resources Marcellus Holdings, LLC | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

**16. Estimated liabilities**

Company files on a consolidated basis.

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ■ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

☑ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

☑ I have been authorized to file this petition on behalf of the debtor.

☑ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  02 / 06 / 2018
              MM / DD / YYYY

X _____
Signature of authorized representative of debtor

Title  Chief Financial Officer

Jennifer M. Grigsby
Printed name

**18. Signature of attorney**

X _____  Date  02 / 06 / 2018
Signature of attorney for debtor              MM  / DD / YYYY

Pauline K. Morgan
Printed name

Young Conaway Stargatt & Taylor, LLP
Firm name

1000        N. King Street
Number      Street

Wilmington                        DE        19801
City                              State     ZIP Code

(302) 571-6600                    pmorgan@ycst.com
Contact phone                     Email address

3650                              DE
Bar number                        State

ANNEX 1

<u>Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor</u>

On the date hereof, each of the entities listed below (together with Ascent Resources Marcellus Holdings, LLC, the "<u>Debtors</u>") filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Ascent Resources Marcellus Holdings, LLC.

1. Ascent Resources – Marcellus, LLC
2. Ascent Resources Marcellus Minerals, LLC

**UNANIMOUS WRITTEN CONSENT OF THE MANAGERS OF ASCENT
RESOURCES MARCELLUS HOLDINGS, LLC, THE SOLE MEMBER OF
ASCENT RESOURCES – MARCELLUS, LLC, AND THE SOLE MEMBER OF
ASCENT RESOURCES MARCELLUS MINERALS, LLC**

**FEBRUARY 1, 2018**

**WHEREAS**, Ascent Resources Operating, LLC ("ARO"), an Oklahoma
limited liability company, is the sole member and general manager of Ascent Resources
Marcellus Holdings, LLC ("ARM Holdings"), a Delaware limited liability company and
wholly owned subsidiary of ARO, and Alan Carr is the independent co-manager of ARM
Holdings (the "Co-Manager" and together with ARO, the "ARM Managers" or the
Board) with co-management authority with respect to restructuring matters relating to
ARM Holdings;

**WHEREAS**, ARM Holdings is the sole member and has sole
management authority of Ascent Resources – Marcellus, LLC ("ARM" and together with
ARM Holdings, the "Sole Members"), an Oklahoma limited liability company and
wholly owned subsidiary of ARM Holdings;

**WHEREAS**, ARM is the sole member and has sole management
authority of Ascent Resources Marcellus Minerals, LLC ("ARM Minerals" and together
with ARM and ARM Holdings, the "ARM Entities"), an Oklahoma limited liability
company and wholly owned subsidiary of ARM;

**WHEREAS**, the Board has reviewed and considered the financial and
operational condition of the ARM Entities and their business on the date hereof,
including their historical performance, their assets, their current and long-term liabilities,
the market for their products and services and credit market conditions;

**WHEREAS**, ARM entered into the Restructuring Support Agreement,
dated September 5, 2017, by and among the ARM Entities, Ascent Resources, LLC,
Ascent Resources Finance Holdco, ARO, each of the holders of first lien term loans that
are party thereto and the administrative agent to such loans, and each of the holders of
second lien term loans that are party thereto and the administrative agent to such loans
(the "Restructuring Support Agreement"), which sets forth the material terms of a
consensual financial restructuring of the ARM Entities' obligations (the "Restructuring"),
the means for implementation of the Restructuring, certain timing milestones for the
Restructuring and certain obligations of the ARM Entities to work in good faith to
consummate the Restructuring; and

**WHEREAS**, the Board has received, reviewed and considered the
recommendations of the senior management of the ARM Entities and the ARM Entities'
legal, financial and other advisors as to the relative risks and benefits of implementing the
Restructuring through a prepackaged bankruptcy proceeding under the provisions of
chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in accordance
with the terms of the Restructuring Support Agreement.

-1-

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that in judgment of the Board, it is desirable and in the best interests of the ARM Entities, their stakeholders, their creditors and other parties in interest to have entered into the Restructuring Support Agreement and that the ARM Entities' performance of their obligations under the Restructuring Support Agreement (including the negotiation and preparation of the Plan and Disclosure Statement (as such terms are defined in the Restructuring Support Agreement) and commencement of the solicitation of the Plan), and all exhibits, schedules, attachments and ancillary documents or agreements related thereto, be and hereby is, in all respects approved and ratified with the same force and effect as if each such act, transaction, agreement or certificate had been specifically authorized in advance by the Board.

**RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the ARM Entities and their applicable stakeholders, that the ARM Entities be and are hereby authorized to begin the solicitation of votes (the "Solicitation") from holders of claims against the ARM Entities to accept or reject the joint prepackaged Plan of reorganization for the ARM Entities in accordance with the Restructuring Support Agreement.

**RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the ARM Entities and their applicable stakeholders, that each of the ARM Entities be and hereby is authorized to file a voluntary petition (the "Petition"), with any schedules, lists and other papers or documents, under the provisions of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware commencing a case (together, the "Chapter 11 Cases") to implement the Restructuring of the ARM Entities.

**RESOLVED**, that each of the officers of ARM Holdings, ARM and ARM Minerals (collectively, the "Designated Persons"), be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the ARM Entities, to take any and all actions as each deems reasonable, advisable, expedient, convenient, necessary or proper to implement or effectuate any action authorized herein, including verification and filing of the Petition as well as all any pleadings or other ancillary documents that are determined to be necessary and appropriate by any Designated Person and to cause the Petition and such pleadings or other ancillary documents to be filed in the Chapter 11 Cases.

**RESOLVED**, that each of the ARM Entities is hereby authorized to take any and all actions as it deems reasonable, advisable, expedient, convenient, necessary or proper to commence, implement and consummate the Restructuring, including the execution and filing of petitions, schedules, lists and other documents as the ARM Managers deem necessary and appropriate and to execute filing and prosecution of the Plan, Disclosure Statement, the Plan Supplement and any associated documents, and consummate, and perform under, the transactions contemplated therein as may be reasonably necessary or desirable for implementing the Restructuring and continuing conduct of the affairs of the ARM Entities.

-2-

**RESOLVED**, that any agreements, instruments and certificates expressly contemplated by the Restructuring Support Agreement to be executed and delivered by any party to consummate, effectuate, carry out or further the transactions contemplated by the Restructuring Support Agreement (collectively, the "RSA Documents") be, and each of them hereby is, authorized and approved, and that the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized and empowered to negotiate, execute, deliver and implement the RSA Documents on behalf of the ARM Entities with any and all such changes as such Designated Person may approve, such approval to be conclusively evidenced by such execution.

**RESOLVED**, the ARM Entities are hereby authorized to pay any fees and expenses as may be deemed necessary or desirable by any one or more of the Designated Persons in connection with the Restructuring, including any fees related to the filing and prosecution of the Plan and any document necessary and appropriate for the Restructuring.

**RESOLVED**, that the law firm of Sullivan & Cromwell LLP ("S&C") be, and hereby is, authorized and empowered to represent the ARM Entities as their general bankruptcy counsel to represent and assist the ARM Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the ARM Entities' rights, including the preparation, filing and prosecution of pleadings in the Chapter 11 Cases; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the ARM Entities, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of S&C.

**RESOLVED**, that the consulting firm of D.R. Payne & Associates, Inc. ("D.R. Payne") be, and hereby is, engaged to provide restructuring advisory services to the ARM Entities in the Chapter 11 Cases; and in connection therewith, the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the ARM Entities, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of D.R. Payne.

**RESOLVED**, that the consulting the firm of PJT Partners ("PJT") be, and hereby is, engaged as financial advisor to the ARM Entities in the Chapter 11 Cases; and in connection therewith, the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the ARM Entities, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of PJT.

**RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP ("YCST") be, and hereby is, authorized and empowered to represent the ARM

-3-

Entities as bankruptcy co-counsel, to represent and assist the ARM Entities in carrying out their duties under the Bankruptcy Code; and in connection therewith, the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the ARM Entities, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of YCST.

   **RESOLVED**, that Prime Clerk LLC ("<u>Prime Clerk</u>") be, and hereby is, authorized and empowered to serve as the notice, claims, solicitation and balloting agent in connection with the Chapter 11 Cases; and in connection therewith, the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the ARM Entities, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Prime Clerk.

   **RESOLVED**, that, consistent with the foregoing resolutions, each Designated Person is hereby authorized, directed and empowered, in such Designated Person's discretion, on behalf of and in the name of the ARM Entities, as applicable, to (a) prepare, execute and deliver or cause to be prepared, executed and delivered, and where necessary, appropriate or desirable, file, or cause to be filed with the appropriate governmental authorities, all other agreements, instruments and documents, including all certificates, contracts, bonds, receipts or other papers, (b) incur and pay or cause to be paid all fees, expenses and taxes, including legal fees and expenses, (c) engage such persons as such Designated Person shall in his or her judgment determine to be necessary, appropriate or desirable, and (d) do any and all other acts and things as such Designated Person deems necessary, appropriate or desirable to carry out fully the intent and accomplish the purposes of the foregoing resolutions and each of the transactions contemplated thereby (and the doing of any such act or thing shall be conclusive evidence that the same is deemed necessary, appropriate or desirable).

   **RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts would have been approved by the foregoing resolutions except that such actions were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

-4-

Dated:  February 1, 2018

**GENERAL MANAGER OF ASCENT RESOURCES MARCELLUS HOLDINGS, LLC:**

ASCENT RESOURCES OPERATING, LLC, an Oklahoma limited liability company

By: _____
Jeffrey A. Fisher
Chief Executive Officer

**INDEPENDENT CO-MANAGER OF ASCENT RESOURCES MARCELLUS HOLDINGS, LLC:**

By: _____
Alan J. Carr
Independent Manager

**SOLE MEMBER OF ASCENT RESOURCES – MARCELLUS, LLC**

ASCENT RESOURCES MARCELLUS HOLDINGS, LLC, a Delaware limited liability company

By: _____
Jeffrey A. Fisher
Chief Executive Officer

**SOLE MEMBER OF ASCENT RESOURCES MARCELLUS Minerals**

ASCENT RESOURCES – MARCELLUS, LLC, an Oklahoma limited liability company

By: _____
Jeffrey A. Fisher
Chief Executive Officer

[*Signature Page to Written Consent of ARM Holdings dated February 1, 2018*]

**ASCENT RESOURCES, LLC**

**UNANIMOUS WRITTEN CONSENT
OF THE BOARD OF MANAGERS**

**FEBRUARY 1, 2018**

The undersigned, being all the members of the Board of Managers (the "Board") of Ascent Resources, LLC, a Delaware limited liability company (the "Parent"), pursuant to the Parent's Fourth Amended and Restated Limited Liability Company Agreement, dated as of December 14, 2015, hereby adopts the resolutions and consents to and directs the actions of Ascent Resources Marcellus Holdings, LLC ("ARM Holdings"), Ascent Resources - Marcellus, LLC ("ARM") and Ascent Resources Marcellus Minerals, LLC ("ARM Minerals" and together with ARM Holdings and ARM, the "ARM Subsidiaries"), as described in the attached Exhibit A, by unanimous written consent in lieu of a meeting and direct that this consent be filed with the minutes of the proceedings of the Board.

WITNESS the execution hereof by the undersigned, effective as of the date first set forth above.

| | |
|---|---|
| _____ | _____ |
| John T. Raymond | Alex T. Krueger |
| _____ | _____ |
| Laura L. Tyson | Brooks M. Shughart |
| _____ | _____ |
| Jeffrey A. Ball | Jeffrey A. Fisher |
| _____ | _____ |
| Jeffrey C. Rawls | Scott R. Mueller |
| _____ | _____ |
| Louis John Schaufele IV | Donald R. Sinclair |

## ASCENT RESOURCES, LLC

### UNANIMOUS WRITTEN CONSENT
### OF THE BOARD OF MANAGERS

#### FEBRUARY 1, 2018

The undersigned, being all the members of the Board of Managers (the "Board") of Ascent Resources, LLC, a Delaware limited liability company (the "Parent"), pursuant to the Parent's Fourth Amended and Restated Limited Liability Company Agreement, dated as of December 14, 2015, hereby adopts the resolutions and consents to and directs the actions of Ascent Resources Marcellus Holdings, LLC ("ARM Holdings"), Ascent Resources - Marcellus, LLC ("ARM") and Ascent Resources Marcellus Minerals, LLC ("ARM Minerals" and together with ARM Holdings and ARM, the "ARM Subsidiaries"), as described in the attached Exhibit A, by unanimous written consent in lieu of a meeting and direct that this consent be filed with the minutes of the proceedings of the Board.

WITNESS the execution hereof by the undersigned, effective as of the date first set forth above.


_____                    _____
John T. Raymond                             Alex T. Krueger



_____                    _____
Laura L. Tyson                              Brooks M. Shughart



_____                    _____
Jeffrey A. Ball                             Jeffrey A. Fisher



_____                    _____
Jeffrey C. Rawls                            Scott R. Mueller



_____                    _____
Louis John Schaufele IV                     Donald R. Sinclair

## ASCENT RESOURCES, LLC

### UNANIMOUS WRITTEN CONSENT
### OF THE BOARD OF MANAGERS

### FEBRUARY 1, 2018

The undersigned, being all the members of the Board of Managers (the "Board") of Ascent Resources, LLC, a Delaware limited liability company (the "Parent"), pursuant to the Parent's Fourth Amended and Restated Limited Liability Company Agreement, dated as of December 14, 2015, hereby adopts the resolutions and consents to and directs the actions of Ascent Resources Marcellus Holdings, LLC ("ARM Holdings"), Ascent Resources - Marcellus, LLC ("ARM") and Ascent Resources Marcellus Minerals, LLC ("ARM Minerals" and together with ARM Holdings and ARM, the "ARM Subsidiaries"), as described in the attached Exhibit A, by unanimous written consent in lieu of a meeting and direct that this consent be filed with the minutes of the proceedings of the Board.

WITNESS the execution hereof by the undersigned, effective as of the date first set forth above.

|  |  |
|---|---|
| _____ | _____ |
| John T. Raymond | Alex T. Krueger |
|  |  |
| _____ | _____ |
| Laura L. Tyson | Brooks M. Shughart |
|  |  |
| _____ | _____ |
| Jeffrey A. Ball | Jeffrey A. Fisher |
|  |  |
| _____ | _____ |
| Jeffrey C. Rawls | Scott R. Mueller |
|  |  |
| _____ | _____ |
| Louis John Schaufele IV | Donald R. Sinclair |

## ASCENT RESOURCES, LLC

### UNANIMOUS WRITTEN CONSENT
### OF THE BOARD OF MANAGERS

#### FEBRUARY 1, 2018

The undersigned, being all the members of the Board of Managers (the "Board") of Ascent Resources, LLC, a Delaware limited liability company (the "Parent"), pursuant to the Parent's Fourth Amended and Restated Limited Liability Company Agreement, dated as of December 14, 2015, hereby adopts the resolutions and consents to and directs the actions of Ascent Resources Marcellus Holdings, LLC ("ARM Holdings"), Ascent Resources - Marcellus, LLC ("ARM") and Ascent Resources Marcellus Minerals, LLC ("ARM Minerals" and together with ARM Holdings and ARM, the "ARM Subsidiaries"), as described in the attached Exhibit A, by unanimous written consent in lieu of a meeting and direct that this consent be filed with the minutes of the proceedings of the Board.

WITNESS the execution hereof by the undersigned, effective as of the date first set forth above.

_____
John T. Raymond

_____
Alex T. Krueger

_____
Laura L. Tyson

_____
Brooks M. Shughart

_____
Jeffrey A. Ball

_____
Jeffrey A. Fisher

_____
Jeffrey C. Rawls

_____
Scott R. Mueller

_____
Louis John Schaufele IV

_____
Donald R. Sinclair

# ASCENT RESOURCES, LLC

### UNANIMOUS WRITTEN CONSENT
### OF THE BOARD OF MANAGERS

### FEBRUARY 1, 2018

The undersigned, being all the members of the Board of Managers (the "Board") of Ascent Resources, LLC, a Delaware limited liability company (the "Parent"), pursuant to the Parent's Fourth Amended and Restated Limited Liability Company Agreement, dated as of December 14, 2015, hereby adopts the resolutions and consents to and directs the actions of Ascent Resources Marcellus Holdings, LLC ("ARM Holdings"), Ascent Resources - Marcellus, LLC ("ARM") and Ascent Resources Marcellus Minerals, LLC ("ARM Minerals" and together with ARM Holdings and ARM, the "ARM Subsidiaries"), as described in the attached Exhibit A, by unanimous written consent in lieu of a meeting and direct that this consent be filed with the minutes of the proceedings of the Board.

WITNESS the execution hereof by the undersigned, effective as of the date first set forth above.

_____
John T. Raymond

_____
Alex T. Krueger

_____
Laura L. Tyson

_____
Brooks M. Shughart

_____
Jeffrey A. Ball

_____
Jeffrey A. Fisher

_____
Jeffrey C. Rawls

_____
Scott R. Mueller

_____
Louis John Schaufele IV

_____
Donald R. Sinclair

**ASCENT RESOURCES, LLC**

**UNANIMOUS WRITTEN CONSENT
OF THE BOARD OF MANAGERS**

**FEBRUARY 1, 2018**

The undersigned, being all the members of the Board of Managers (the "Board") of Ascent Resources, LLC, a Delaware limited liability company (the "Parent"), pursuant to the Parent's Fourth Amended and Restated Limited Liability Company Agreement, dated as of December 14, 2015, hereby adopts the resolutions and consents to and directs the actions of Ascent Resources Marcellus Holdings, LLC ("ARM Holdings"), Ascent Resources - Marcellus, LLC ("ARM") and Ascent Resources Marcellus Minerals, LLC ("ARM Minerals" and together with ARM Holdings and ARM, the "ARM Subsidiaries"), as described in the attached Exhibit A, by unanimous written consent in lieu of a meeting and direct that this consent be filed with the minutes of the proceedings of the Board.

WITNESS the execution hereof by the undersigned, effective as of the date first set forth above.

_____
John T. Raymond

_____
Alex T. Krueger

_____
Laura L. Tyson

_____
Brooks M. Shughart

_____
Jeffrey A. Ball

_____
Jeffrey A. Fisher

_____
Jeffrey C. Rawls

_____
Scott R. Mueller

_____
Louis John Schaufele IV

_____
Donald R. Sinclair

<u>EXHIBIT A</u>

## RESOLUTIONS
## OF THE BOARD OF MANAGERS OF
## ASCENT RESOURCES, LLC

**WHEREAS**, the Parent is the sole member and has sole management authority of Ascent Resources Finance Holdco, LLC ("<u>ARFH</u>"), a Delaware limited liability company and wholly owned subsidiary of the Parent;

**WHEREAS**, ARFH is the sole member and has sole management authority of Ascent Resources Operating, LLC ("<u>ARO</u>"), an Oklahoma limited liability company and wholly owned subsidiary of ARFH;

**WHEREAS**, ARO is the sole member and with independent co-manager Alan Carr (the "<u>Co-Manager</u>" and together with ARO, the "<u>ARM Managers</u>") has co-management authority of ARM Holdings, a Delaware limited liability company and wholly owned subsidiary of ARO;

**WHEREAS**, ARM Holdings is the sole member and has sole management authority of ARM, an Oklahoma limited liability company and wholly owned subsidiary of ARM Holdings;

**WHEREAS**, ARM is the sole member and has sole management authority of ARM Minerals, an Oklahoma limited liability company and wholly owned subsidiary of ARM;

**WHEREAS**, the Board has reviewed and considered the financial and operational condition of the ARM Subsidiaries and their business on the date hereof, including their historical performance, their assets, their current and long-term liabilities, the market for their products and services and credit market conditions;

**WHEREAS**, ARM entered into the Restructuring Support Agreement, dated September 5, 2017, by and among the ARM Subsidiaries, the Parent, ARFH, ARO, each of the holders of first lien term loans that are party thereto and the administrative agent to such loans, and each of the holders of second lien term loans that are party thereto and the administrative agent to such loans (the "<u>Restructuring Support Agreement</u>"), which sets forth the material terms of a consensual financial restructuring of the ARM Subsidiaries' obligations (the "Restructuring"), the means for implementation of the Restructuring, certain timing milestones for the Restructuring and certain obligations of the ARM Subsidiaries to work in good faith to consummate the Restructuring; and

**WHEREAS**, the Board has received, reviewed and considered the recommendations of the senior management of the ARM Subsidiaries and the ARM Subsidiaries' legal, financial and other advisors as to the relative risks and benefits of implementing the Restructuring through a prepackaged bankruptcy proceeding under the provisions of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in accordance with the terms of the Restructuring Support Agreement.

SC1:4281310.5

**NOW, THEREFORE, BE IT:**

      **RESOLVED**, that in judgment of the Board, it is desirable and in the best interests of the ARM Subsidiaries, their stakeholders, their creditors and other parties in interest to have entered into the Restructuring Support Agreement and that the ARM Subsidiaries' performance of their obligations under the Restructuring Support Agreement (including the negotiation and preparation of the Plan and Disclosure Statement (as such terms are defined in the Restructuring Support Agreement) and commencement of the solicitation of the Plan), and all exhibits, schedules, attachments and ancillary documents or agreements related thereto, be and hereby is, in all respects approved and ratified with the same force and effect as if each such act, transaction, agreement or certificate had been specifically authorized in advance by the Board.

      **RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the ARM Subsidiaries and their applicable stakeholders, that the ARM Subsidiaries be and are hereby authorized to begin the solicitation of votes (the "<u>Solicitation</u>") from holders of claims against the ARM Subsidiaries to accept or reject the joint prepackaged Plan of reorganization for the ARM Subsidiaries in accordance with the Restructuring Support Agreement.

      **RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the ARM Subsidiaries and their applicable stakeholders, that each of the ARM Subsidiaries be and hereby is authorized to file a voluntary petition (the "<u>Petition</u>"), with any schedules, lists and other papers or documents, under the provisions of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware commencing a case (together, the "<u>Chapter 11 Cases</u>") to implement the Restructuring of the ARM Subsidiaries.

      **RESOLVED**, that each of the officers of ARM Holdings, ARM and ARM Minerals (collectively, the "<u>Designated Persons</u>"), be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the ARM Subsidiaries, to take any and all actions as each deems reasonable, advisable, expedient, convenient, necessary or proper to implement or effectuate any action authorized herein, including verification and filing of the Petition as well as all any pleadings or other ancillary documents that are determined to be necessary and appropriate by any Designated Person and to cause the Petition and such pleadings or other ancillary documents to be filed in the Chapter 11 Cases.

      **RESOLVED**, that each of the ARM Subsidiaries is hereby authorized to take any and all actions as it deems reasonable, advisable, expedient, convenient, necessary or proper to commence, implement and consummate the Restructuring, including the execution and filing of petitions, schedules, lists and other documents as the ARM Managers deem necessary and appropriate and to execute filing and prosecution of the Plan, Disclosure Statement, the Plan Supplement and any associated documents, and consummate, and perform under, the transactions contemplated therein as may be reasonably necessary or desirable for implementing the Restructuring and continuing conduct of the affairs of the ARM Subsidiaries.

      **RESOLVED**, that any agreements, instruments and certificates expressly contemplated by the Restructuring Support Agreement to be executed and delivered by any party to consummate, effectuate, carry out or further the transactions contemplated by the

Restructuring Support Agreement (collectively, the "RSA Documents") be, and each of them hereby is, authorized and approved, and that the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized and empowered to negotiate, execute, deliver and implement the RSA Documents on behalf of the ARM Subsidiaries with any and all such changes as such Designated Person may approve, such approval to be conclusively evidenced by such execution.

RESOLVED, the ARM Subsidiaries are hereby authorized to pay any fees and expenses as may be deemed necessary or desirable by any one or more of the Designated Persons in connection with the Restructuring, including any fees related to the filing and prosecution of the Plan and any document necessary and appropriate for the Restructuring.

RESOLVED, that the law firm of Sullivan & Cromwell LLP ("S&C") be, and hereby is, authorized and empowered to represent the ARM Subsidiaries as their general bankruptcy counsel to represent and assist the ARM Subsidiaries in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the ARM Subsidiaries' rights, including the preparation, filing and prosecution of pleadings in the Chapter 11 Cases; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the ARM Subsidiaries to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of S&C.

RESOLVED, that the consulting firm of D.R. Payne & Associates, Inc. ("D.R. Payne") be, and hereby is, engaged to provide restructuring advisory services to the ARM Subsidiaries in the Chapter 11 Cases; and in connection therewith, the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the ARM Subsidiaries, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of D.R. Payne.

RESOLVED, that the consulting the firm of PJT Partners ("PJT") be, and hereby is, engaged as financial advisor to the ARM Subsidiaries in the Chapter 11 Cases; and in connection therewith, the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the ARM Subsidiaries, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of PJT.

RESOLVED, that the law firm of Young Conaway Stargatt & Taylor, LLP ("YCST") be, and hereby is, authorized and empowered to represent the ARM Subsidiaries as bankruptcy co-counsel, to represent and assist the ARM Subsidiaries in carrying out their duties under the Bankruptcy Code; and in connection therewith, the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the ARM Subsidiaries, to execute appropriate retention agreements,

pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of YCST.

  **RESOLVED**, that Prime Clerk LLC ("Prime Clerk") be, and hereby is, authorized and empowered to serve as the notice, claims, solicitation and balloting agent in connection with the Chapter 11 Cases; and in connection therewith, the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the ARM Subsidiaries, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Prime Clerk.

  **RESOLVED**, that, consistent with the foregoing resolutions, each Designated Person is hereby authorized, directed and empowered, in such Designated Person's discretion, on behalf of and in the name of the ARM Subsidiaries, as applicable, to (a) prepare, execute and deliver or cause to be prepared, executed and delivered, and where necessary, appropriate or desirable, file, or cause to be filed with the appropriate governmental authorities, all other agreements, instruments and documents, including all certificates, contracts, bonds, receipts or other papers, (b) incur and pay or cause to be paid all fees, expenses and taxes, including legal fees and expenses, (c) engage such persons as such Designated Person shall in his or her judgment determine to be necessary, appropriate or desirable, and (d) do any and all other acts and things as such Designated Person deems necessary, appropriate or desirable to carry out fully the intent and accomplish the purposes of the foregoing resolutions and each of the transactions contemplated thereby (and the doing of any such act or thing shall be conclusive evidence that the same is deemed necessary, appropriate or desirable).

  **RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts would have been approved by the foregoing resolutions except that such actions were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

| | |
|---|---|
| Debtor Name | Ascent Resources Marcellus Holdings, LLC, *et al.* |
| United States Bankruptcy Court for the: _____ District of | Delaware |
| | (State) |
| Case number *(If known)*: 18-_____ | |

☐ Check if this is an
amended filing

<u>Official Form 204</u>

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims on a Consolidated Basis and Are Not Insiders <span>12/15</span>

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim (Approximate values) |
| 1 | Blue Racer Midstream, LLC 5949 Sherry Lane, Ste 1300 Dallas, TX  75225-8036 | Jay Shaw JShaw@caimanenergy.com | Trade | Unliquidated | | | $4,000,000.00 |
| 2 | The Hoyt Foundation c/o Mansell & Andrews 14 N. Mercer St., Ste 532 New Castle, PA  16101-3732 | Charles Mansell Mansell & Andrews 724-652-7470 (phone) | Litigation Claim | Unliquidated, Contingent & Disputed | | | $1,500,000.00 |
| 3 | Eureka Midstream, LLC 1111 Louisiana, Ste 4520 Houston, TX  77002 | Eureka Midstream, LLC info@eurekamidstream.com | Trade | Unliquidated | | | $250,000.00 |
| 4 | Antero Resources, Inc. Attn:  Linda Osborn, CPA 1615 Wynkoop St. Denver, CO  80202 | Linda Osborn, CPA losborn@anteroresources.com 303-357-6741 (phone) | Mineral Interest | Unliquidated | | | $217,000.00 |
| 5 | Hall Drilling LLC 1137 E. Washington Ave. Ellenboro, WV  26346-5001 | Heather Taylor heathertaylor@halldrilling.com | Trade | Unliquidated | | | $125,000.00 |
| 6 | Margaret H. Long (Decd) Unknown Address | Unknown contact information | Mineral Interest | Unliquidated | | | $104,000.00 |
| 7 | The Hoyt Foundation c/o Mansell & Andrews 14 N. Mercer St., Ste 532 New Castle, PA  16101-3732 | Charles Mansell Mansell & Andrews 724-652-7470 (phone) | Mineral Interest | Unliquidated | | | $102,000.00 |

Debtor    Ascent Resources Marcellus Holdings, LLC, *et al.*          Case number *(if known)*    18-
      Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim (Approximate values) |
| 8  Hoyt Center for the Arts 124 E. Leasure Ave. New Castle, PA 16101 | Hoyt Center for the Arts 724-652-2882 (phone) 724-657-8786 (fax) | Mineral Interest | Unliquidated | | | $102,000.00 |
| 9  Mary H. Lee (Decd) 312 Birchwood Lane Sevierville, TN 37862 | Melanie Joy Adams Melanie.Joy.Adams@gmail.com | Mineral Interest | Unliquidated | | | $97,000.00 |
| 10  Nancy E. Jolliffe P. O. Box 960 Hundred, WV 26575-0960 | Nancy E. Jolliffe 304-775-2141 (phone) | Mineral Interest | Unliquidated | | | $78,000.00 |
| 11  DeepRock Disposal Solutions LLC 637 State Rte 821 Complex 1, Bldg 1 Marietta, OH 45750 | DeepRock Disposal Solutions LLC 740-371-5078 (phone) 740-371-5077 (fax) | Trade | Unliquidated | | | $60,000.00 |
| 12  Robert Barry Myers Est. Robert Barry Myers, Jr., Admin. 305 River Overlook Forsyth, GA 31029 | Robert Barry Myers, Jr., Administrator Robbmyers11@gmail.com 478-318-0392 (phone) | Mineral Interest | Unliquidated | | | $49,000.00 |
| 13  Geraldine A Davis (Decd) Farmers National Company Agent Oil & Gas Dept. P. O. Box 3480 Omaha, NE 68103 | Wes Turiano 918-398-5901 (phone) wturiano@farmersnational.com | Mineral Interest | Unliquidated | | | $43,000.00 |
| 14  Waco Oil & Gas Inc. P. O. Box 397 Glenville, WV 26351 | Waco Oil & Gas, Inc. 304-462-5741 (phone) 304-462-8671 (fax) | Mineral Interest | Unliquidated | | | $42,000.00 |
| 15  Betty J. Woods 7 Ross St. New Martinsville, WV 26155-2866 | Larry Roberts, POA 304-775-2787 (phone) 304-455-2104 (phone) | Mineral Interest | Unliquidated | | | $39,000.00 |
| 16  Jay Michael Myers Est. Robert Barry Myers, Jr., Admin. 305 River Overlook Forsyth, GA 31029 | Robert Barry Myers, Jr., Administrator Robbmyers11@gmail.com 478-318-0392 (phone) | Mineral Interest | Unliquidated | | | $36,000.00 |
| 17  Steven L. Long P. O. Box 6 Pine Grove, WV 26419 | Steven L. Long 304-889-3382 (phone) sclong@frontiernet.net | Mineral Interest | Unliquidated | | | $33,000.00 |
| 18  Timothy R. Long P. O. Box 6 Pine Grove, WV 26419 | Timothy R. Long 304-889-3382 (phone) | Mineral Interest | Unliquidated | | | $32,000.00 |
| 19  Ronald S. Sapp (Decd) 1110 Village Dr. S. Charleston, WV 25309 | Virginia Sapp (spouse) 304-766-8122 (phone) | Mineral Interest | Unliquidated | | | $30,000.00 |

Debtor    Ascent Resources Marcellus Holdings, LLC, *et al.*          Case number *(if known)*    18-
              Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim (Approximate values) |
| 20 | Arthur R. and Joan E. Miller HC 68 Box 54A Littleton, WV  26581 | Arthur R. and Joan E. Miller dslwr@frontier.net | Mineral Interest | Unliquidated | | | $29,000.00 |
| 21 | John E. Steenerson 258 Dolorosa St. Las Vegas, NV  89110-4905 | John E. Steenerson 702-427-3500 (phone) 702-531-6099 (phone) | Mineral Interest | Unliquidated | | | $28,000.00 |
| 22 | Beverly Morgan c/o Jane Morgan 107902-33 5260 Dupont Rd. Parkersburg, WV 26101 | Jane Morgan 412-761-9327 (phone) | Mineral Interest | Unliquidated | | | $26,000.00 |
| 23 | Jane Morgan 107902-33 5260 Dupont Rd. Parkersburg, WV 26101 | Jane Morgan 412-761-9327 (phone) | Mineral Interest | Unliquidated | | | $26,000.00 |
| 24 | Rev Inter Vivos TR Agreement of Melba Jean Labadie Donna Andrews 2212 War Eagle Lane Yukon, OK  73099 | Donna Andrews 405-833-6270 (phone) | Mineral Interest | Unliquidated | | | $23,000.00 |
| 25 | John T. Robinson Jr. 603 79th Ave. St. Pete Beach, FL  33706-1723 | John T. Robinson Jr. 727-363-6270 (phone) | Mineral Interest | Unliquidated | | | $23,000.00 |
| 26 | Connie S. White 28 Rose St Lot 28 South New Martinsville, WV 26155 | Connie S. White 304-455-6401 (phone) | Mineral Interest | Unliquidated | | | $22,000.00 |
| 27 | OXY USA, Inc P. O. Box 841803 Dallas, TX  75284-1803 | OXY USA, Inc. 713-215-7000 (phone) | Mineral Interest | Unliquidated | | | $22,000.00 |
| 28 | Gerald L. Huffman 100 E. Idaho Ave. 47 Las Cruces, NM  88005-3235 | Gerald L. Huffman 575-647-4794 (phone) | Mineral Interest | Unliquidated | | | $20,000.00 |
| 29 | Timothy Lew & Lea Ann Summers H/W 6289 Proctor Creek Rd. Proctor, WV  26055 | Timothy Lew Lea Ann Summers 304-455-4779 (phone) | Mineral Interest | Unliquidated | | | $20,000.00 |
| 30 | Barbara B. Highland Trust 3392 Brookdale Drive Pittsburg, PA  15241-1562 | Barbara B. Highland Trust 412-835-5253 (phone) | Mineral Interest | Unliquidated | | | $20,000.00 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
―――――――――――――――――――――――――― x
                                    :
In re                               :     Chapter 11
                                    :
                                    :
ASCENT RESOURCES MARCELLUS HOLDINGS, :     Case No. (18-_____) (__)
LLC, et al.,¹                       :
                                    :     Joint Administration Pending
                                    :
                  Debtors.          :
                                    :
―――――――――――――――――――――――――― x
```

## CORPORATE OWNERSHIP STATEMENT
## AND LIST OF EQUITY SECURITY HOLDERS

Pursuant to rules 1007(a)(1), 1007(a)(3) and 7007.1 of the Federal Rules of

Bankruptcy Procedure, ARM Holdings, on behalf of the Debtors, respectfully represent:

1.      100% of the equity of ARM Minerals is directly owned by ARM.

2.      100% of the equity of ARM is directly owned by ARM Holdings.

3.      100% of the equity of ARM Holdings is directly owned by Ascent Resources

Operating, LLC, 3501 NW 63rd Street, Oklahoma City, OK 73116.

4.      Additionally, the following entities indirectly own 10% or more of any class of

equity interests of ARM Holdings:  Ascent Resources Finance Holdco, LLC, Ascent Resources,

LLC, Ascent Resources Equity Holdings, LLC, EMG Ascent 2016 Equity Holdings, LLC and

Teacher Retirement System of Texas.

---

[1]     The Debtors in these chapter 11 cases, and the last four digits of their U.S. taxpayer identification numbers are:
Ascent Resources Marcellus Holdings, LLC (3495) ("ARM Holdings"), Ascent Resources - Marcellus, LLC
(0354) ("ARM") and Ascent Resources Marcellus Minerals, LLC (5418) ("ARM Minerals" and together with
ARM Holdings and ARM, the "Debtors").  The Debtors' corporate headquarters is located at 3501 NW 63rd
Street, Oklahoma City, Oklahoma 73116.

Fill in this information to identify the case and this filing:

Debtor Name   Ascent Resources Marcellus Holdings, LLC

United States Bankruptcy Court for the: _____    District of   Delaware
                                                                          (State)

Case number *(If known):*   18-_____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

■ Other document that requires a declaration  Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   02 / 06 / 2018          ✗ _____
              MM / DD / YYYY             Signature of individual signing on behalf of debtor


                                      Jennifer M. Grigsby
                                      Printed name

                                      *Chief Financial Officer*
                                      Position or relationship to debtor